THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MICHAEL JAMES THOMPSON, Defendant-Appellant.

Second District   No. 76-544

Opinion filed April 7, 1977.

Ralph Ruebner and Allen L. Wiederer, both of State Appellate Defender's Office, of Elgin, for appellant.

Daniel Doyle, State's Attorney, of Rockford (Phyllis J. Perko and Martin P. Moltz, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE BOYLE delivered the opinion of the court:

Defendant was charged by complaint with the offense of criminal damage to property in the Circuit Court of Winnebago County. At a combined arraignment and guilty plea hearing, defendant entered a plea of guilty and admitted damaging a postal collection box. Defendant was sentenced to serve eight months imprisonment. Subsequently he timely moved, under Supreme Court Rule 604(d) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(d)), to vacate his plea of guilty; his motion to vacate was denied by the trial court.

On appeal defendant raises two contentions. First, defendant argues that his guilty plea conviction should be reversed because he was not afforded his right to counsel at the arraignment and sentencing stages of

the prosecution. Next, defendant argues that the order of the trial court denying defendant's motion to vacate his plea of guilty should be reversed because of a failure of compliance with Supreme Court rule 604(d) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(d)).

The first issue which defendant seeks to raise was not raised by defendant in his motion to withdraw his guilty plea. There would, thus, be no reason to consider this issue, unless we determined, after consideration of the second issue raised by defendant, that remand for a new hearing on defendant's motion to withdraw his plea of guilty was warranted. This is so because Supreme Court Rule 604(d) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(d)) states that any issue not raised in defendant's motion to withdraw shall be deemed waived. For this reason we will first discuss the second contention raised by defendant.

Supreme Court Rule 604(d) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(d)) sets forth the requirements of a motion to withdraw a plea of guilty and makes the timely filing of such a motion a prerequisite of appeal from a guilty plea conviction. Defendant argues that the order denying his motion to withdraw his plea should be reversed because of non-compliance with the following portions of Supreme Court Rule 604(d) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(d)):

> "The trial judge shall * * * determine whether the defendant is represented by counsel and if the defendant is indigent and desires counsel, the trial court shall appoint counsel. * * * The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain his contentions of error in the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings."

In a motion to remand filed prior to submission of this appeal, the people agreed that defendant's attorney did not consult with him in accordance with Supreme Court Rule 604(d) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(d)) at the hearing on defendant's motion to withdraw his guilty plea. The people acknowledged that remand for a new hearing on defendant's motion to withdraw would be an appropriate disposition of this case.

Given the position of the people with respect to the issue raised by defendant, the people moved, in this court, for an order dismissing the case and remanding to the circuit court for appropriate proceedings. Defendant, however, objected on the basis that the people's concession of error with respect to the second issue raised did not permit determination of the first issue raised. As to this issue, resolution in defendant's favor

would require a reversal of his guilty plea conviction; defendant argued that he was entitled to appellate determination of this issue. In agreement with the position of defendant, this court denied the motion of the people to remand and ordered submission of this case. Subsequently the people have renewed their contention by presenting a motion to dismiss which takes the position that compliance with the requirements of Rule 604(d) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(d)) is a prerequisite to this court's consideration of any issue raised by defendant upon appeal from a guilty plea conviction. Given the conceded fact that there was in this case a failure of compliance with Supreme Court Rule 604(d) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(d)), it is argued that consideration of the first issue raised by defendant would be inappropriate. This motion is taken with the case.

■■■ We acknowledge that the language of Rule 604(d) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(d)) lends some support to the construction set forth by the people. Under this language appellate consideration is limited to the matters raised in defendant's motion to withdraw his guilty plea. In this case, we determine, in agreement with the people that defendant is, minimally, entitled to a new hearing on his motion to withdraw his guilty plea. (*People v. Samuels* (1976), 42 Ill. App. 3d 642.) The construction urged by the people would, in such circumstances, require defendant to go back to the trial court and raise in that court the precise issue now ripe for appellate consideration, thus necessitating at least one, and perhaps further, additional court proceedings with respect to the contention raised. We do not find this construction tenable. The only jurisdictional prerequisite of appellate consideration under the language of Rule 604(d) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(d)) is the timely filing in good faith of a motion to withdraw a guilty plea. Defendant here has complied with this jurisdictional requirement. Noncompliance with the technical (as opposed to jurisdictional) provisions of Rule 604(d) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(d)), may, as here, warrant remand for a new hearing on defendant's motion to withdraw. It does not, however, preclude appellate consideration, in the event remand may be indicated, of any issue raised pertaining to defendant's guilty plea. The people's motion to dismiss is denied.

The first argument raised by defendant is that his guilty plea conviction should be reversed because he was not afforded his right to counsel at the arraignment and sentencing stages of the prosecution. We proceed to consideration of this issue in order to determine whether its resolution may warrant reversal of defendant's plea and thus obviate the need for remand for further proceedings on defendant's motion to withdraw.

The following comments with respect to defendant's waiver of counsel

at the arraignment-guilty plea hearing appear on the trial court record:

"THE COURT: Do you understand that since they are asking for jail time and if you do plead guilty, you give up your right to have an attorney represent you?

DEFENDANT THOMPSON: Yes, sir.

DEFENDANT MARSHALL: Yes, sir.

THE COURT: If you can't afford an attorney, the Court will appoint one for you.

Do you understand that?

DEFENDANT THOMPSON: Yes, sir.

DEFENDANT MARSHALL: Yes, sir.

THE COURT: Now, do you also understand that, then if you plead guilty today, this morning, you're giving up your right to an attorney appointed to represent you?

Do you understand that?

DEFENDANT THOMPSON: Yes, sir.

DEFENDANT MARSHALL: Yes, sir.

THE COURT: Now, understanding all this, do you still wish to plead guilty to the charge of Criminal Damage to Property, this Post Office Box?

DEFENDANT THOMPSON: Yes, sir.

DEFENDANT MARSHALL: Yes, sir.

THE COURT: Thompson?

DEFENDANT THOMPSON: Yes, sir.

THE COURT: And Marshall?

DEFENDANT MARSHALL: Yes, sir.

THE COURT: Fully understand what you are getting into, is that correct?

DEFENDANT THOMPSON: Yes, sir.

DEFENDANT MARSHALL: Yes, sir."

Defendant argues that while defendant was certainly advised of his right to counsel and indeed waived counsel with respect to the tendering of his guilty plea, he was not advised of his *right to counsel at arraignment* and in fact he did not waive the right to counsel at arraignment. Defendant argues that reversal is required, citing *People v. Hessenauer* (1970), 45 Ill. 2d 63, and *People v. Jones* (1976), 36 Ill. App. 3d 190.

In *Hessenauer,* the trial court did not inform defendant that he had a right to counsel at arraignment or obtain from defendant a waiver of the right to counsel at arraignment. The trial court did, however, obtain from defendant a waiver of the right to counsel at trial by informing defendant as follows after he had pleaded "guilty."

"JUDGE: Before accepting your plea of guilty, I want to make

sure you understand your rights and the possible consequences. You can plead "Not Guilty" and you can have a trial by jury or a trial without a jury. At the trial, it would be the duty of the State's Attorney, Mr. Gandy, to prove you guilty of this crime and you could cross-examine his witnesses and subpoena witnesses to testify on your own behalf, and at the trial you have the right to be represented by an attorney and if you cannot afford one, it would be the duty of this Court to appoint an attorney to represent you. Now, do you have any questions about your rights?

A. No.' " (*People v. Hessenauer* (1970), 45 Ill. 2d 63, 66.) The court commented that "Nowhere in the transcript * * * is there any indication that the judge specifically advised the defendant of his right to be represented by counsel in connection with his arraignment. Indeed, from the judge's admonitions the defendant may very well have understood that his right to counsel was somehow related only to grand jury proceedings or to the trial itself." (*People v. Hessenauer* (1970), 45 Ill. 2d 63, 67.) Noting that arraignment was a critical stage of the prosecution and that defendant had a right to counsel at arraignment which must be knowingly waived, the court reversed and remanded for new proceedings.

In *People v. Jones,* defendant, at the time he was asked by the court whether he was ready for trial, and after he had waived his right to an attorney at trial, indicated that he wished to plead guilty. The trial court went on and accepted his plea without informing defendant that he had a right to counsel at arraignment or obtaining from defendant a waiver of the right to counsel at arraignment. The court first noted that Supreme Court Rule 401 (Ill. Rev. Stat. 1975, ch. 110A, par. 401) provides that the trial court must *first* inform defendant of the nature of the charge against him, the minimum and maximum sentence prescribed by law, and that he has a right to counsel and to an appointed counsel if he so wishes, before a waiver may be valid. The court went on to conclude that the failure to advise defendant of his right to counsel at arraignment required reversal of his guilty plea conviction, noting specifically that "the admonishments given defendant herein accepting his plea of guilty cannot relate back to the waiver of counsel."

A similar holding to the *Hessenauer* and *Jones* cases was made in *People v. Burke* (1975), 29 Ill. App. 3d 12, upon similar (but obviously not the same) dialogue between court and defendant.

In their brief in the instant case, the people make the following comment:

"Here, inquiring into the waiver of counsel at the arraignment portion of the proceeding was a mere formality. Even though the

court did not comply with this technical requirement of a waiver of counsel at arraignment, the defendant incurred no prejudice because his guilty plea was entered at the same proceeding."

The people cite no authority in support of their view that inquiring into the waiver of counsel at the arraignment was a "mere formality" and that defendant did not incur prejudice as a result of the failure to advise him of his right to counsel at arraignment and to obtain a waiver of that right.

■■ Reviewing the comments made by the trial court to defendant at the arraignment-guilty plea hearing, it is apparent that the trial court indicated to defendant that by pleading guilty he would give up his right to have an attorney represent him. Defendant was obviously not informed that he had a right to counsel prior to tendering his plea at the arraignment itself. Waiver of counsel obtained at a subsequent guilty plea hearing does not relate back to the arraignment itself. (*People v. Jones* (1976), 36 Ill. App. 3d 190.) The fact that defendant enjoys a right to counsel at arraignment must be clearly conveyed to defendant by the trial court before a knowing waiver of the right can be made. (*People v. Hessenauer* (1970), 45 Ill. 2d 63, and *People v. Burke* (1975), 29 Ill. App. 3d 12.) The state of the record before us indicates that the foregoing requirements were not met. Defendant was not informed of his right to counsel at arraignment in these proceedings and therefore did not knowingly and understandingly waive that right.

■■ We conclude that the failure to inform defendant of his right to counsel at arraignment requires reversal of his guilty plea conviction and remand for new proceedings. Having so determined we do not reach the question of whether there was a failure to apprise defendant of the right to counsel at sentencing.

Reversed and remanded.

RECHENMACHER, P. J., and SEIDENFELD, J., concur.