THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
ARSENIJE PETROVICH, Defendant-Appellant.

Second District    No. 78-336

Opinion filed October 30, 1979.

Mary Robinson and Paul J. Glaser, both of State Appellate Defender's Office, of Elgin, for appellant.

Dennis P. Ryan, State's Attorney, of Waukegan (Phyllis J. Perko and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

The defendant, Arsenije Petrovich, and another individual, Zoran Fidanowski, were charged in a joint information with three counts of aggravated kidnapping, all of which spring from the same occurrence. The first count was for the aggravated kidnapping of a child under 13 (Ill. Rev. Stat. 1977, ch. 38, par. 10—2(a)(2)). The second count was for aggravated kidnapping for the purpose of obtaining ransom from the child's father (Ill. Rev. Stat. 1977, ch. 38, par. 10—2(a)(1)) and the third count was for aggravated kidnapping while concealing one's identity (Ill. Rev. Stat. 1977, ch. 38, par. 10—2(a)(4)).

This defendant had originally pled not guilty to the charges against

him but changed his plea to guilty on November 29, 1977. He was represented by court-appointed counsel. There was no formal plea agreement between the State's Attorney's office and the defendant. However, the State's Attorney did agree to nolle pros counts II and III against this defendant, leaving only count I. At the hearing conducted to consider the defendant's guilty plea certain admonishments were given to the defendant, after which he recited the factual basis of his plea and was sentenced to 8 years in the penitentiary. He has appealed, praying principally that this court vacate his plea of guilty and the conviction and remand the cause with directions to allow him to plead anew.

Supreme Court Rule 604(d) (Ill. Rev. Stat. 1977, ch. 110A, par. 604(d) provides, in pertinent part that:

"No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to withdraw his plea of guilty and vacate the judgment."

As a corollary, Supreme Court Rule 605(b), in pertinent part, provides that:

"In all cases in which a judgment is entered upon a plea of guilty, at the time of imposing sentence, the trial court shall advise the defendant substantially as follows:

❋ ❋ ❋

(2) That prior to taking an appeal he must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the judgment vacated and for leave to withdraw his plea of guilty, setting forth his grounds for the motion."

Defense counsel and the trial court failed to comply with the above rules and, as a result, defendant made no motion in the trial court to withdraw his plea of guilty. Thus, a threshold issue is whether we should consider the merits of defendant's request to withdraw his guilty plea or merely remand the request for withdrawal to the trial court where it should have been initially raised. (See *People v. Thompson* (1977), 47 Ill. App. 3d 346, 361 N.E.2d 1169.) As we noted in *People v. Saldana* (1977), 53 Ill. App. 3d 636, 638, 368 N.E.2d 1055, 1057:

"In the interest of judicial economy, a defendant who has not been properly admonished in the trial court and who seeks to have the case remanded to the trial court for the purpose of making a motion to vacate his plea of guilty should accompany that request with a showing of the facts which he relies upon to secure a vacation of the plea. If the claim of error is one which may be supported by the record the reviewing court will then be in a position to review the case without an unnecessary remand."

■■ Both the defendant and the State assert that the record before us is sufficient for evaluation of the merits of defendant's motion to withdraw his guilty plea. We concur and, therefore, will consider the merits of that motion.

The defendant and Zoran Fidanowski picked up a child in Waukegan and apparently started to drive to Milwaukee. Defendant, an illegal Yugoslavian national, contends that he was forced by Fidanowski to participate in the kidnapping; that if he did not assist he would be reported and deported; that Fidanowski would contact and inform the Yugoslavian government that defendant was a member of an "antagonist group" and that great physical harm would result to him when he was deported to Yugoslavia. Defendant testified:

> "I take the girl from—on red light, I jump from the car, and I was afraid to go to the police with girl * * * I just ran on the street with girl and give her to woman, and I ask if this woman want to bring this girl to police station in Racine."

He went on to testify that he attempted to evade Fidanowski, but was forced into the car and driven to a bus station in Milwaukee. Defendant then called the Waukegan Police Department and told them about leaving the girl with a woman in Racine. A little later defendant telephoned the police again and the father of the girl as well. Later he surrendered voluntarily to the authorities.

The defendant's primary contention on the merits is that his statement of facts concerning the instant offense at the time he pled guilty not only established the elements of the offense but also established his valid and substantial defenses of compulsion and necessity and, therefore, his plea should not have been accepted, but he should have been tried so that the question of fact raised by his statement could have been resolved.

We take note of the fact that since we are considering the merits of a motion to withdraw a guilty plea, we are also held to the standards of discretion which would apply to a trial court. (*People v. Pack* (1976), 34 Ill. App. 3d 894, 341 N.E.2d 4.) In applying those factors, we are of the opinion that the defendant here has shown in his statement at the guilty plea proceeding that he has, at the very least, a defense worthy of consideration by a finder of fact and, furthermore, that the ends of justice would be better served by a trial on the merits in this case.

■■ Under the circumstances of this case we find, in short, that the defendant was denied the effective assistance of court-appointed counsel. This is the more glaring by the failure of the trial court to advise the defendant that, under the provisions of Supreme Court Rule 605(b), he must make his motion to withdraw his plea of guilty, supported by the grounds therefore, within 30 days.

Therefore, for the reasons stated above, and by the power vested in

this court by Supreme Court Rule 615(b) (Ill. Rev. Stat. 1977, ch. 110A, par. 615(b)), we order that the defendant's motion to withdraw his plea be granted, that the judgment of conviction entered against him be vacated, and that this matter be remanded to the circuit court of Lake County with directions that defendant be allowed to plead anew.

Motion to withdraw plea of guilty granted. Reversed and remanded for trial.

Reversed and remanded.

RECHENMACHER and NASH, JJ., concur.