THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CECIL CHAMPION, Defendant-Appellant.

Fourth District    No. 17233

Opinion filed November 13, 1981.

Daniel D. Yuhas and Charles M. Schiedel, both of State Appellate Defender's Office, of Springfield, for appellant.

Lee J. Plummer, State's Attorney, of Jerseyville (Robert J. Biderman, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE MILLS delivered the opinion of the court:

Can a trial judge issue a "Certificate of Importance" in a criminal case?

Can he *sua sponte* order an appeal following a negotiated plea of guilty?

Negative—on both.

No authority.

On March 24, 1980, Champion was charged by information with aggravated battery in which it was alleged that on March 23 he had intentionally caused great bodily harm to Donald Estes by striking Estes in the face several times.

Some 14 months later—on May 22, 1981, Champion filed a motion for discharge based on an alleged violation of his right to a speedy trial. A hearing was held on this motion on June 2, 1981, and the motion was denied on June 4.

After a recess following the denial of the speedy trial motion, the court was informed that the defendant had decided to enter a negotiated plea. The court then carefully advised Champion of the nature of the charge, the possible penalties, his right to a jury or bench trial, the terms of the plea agreement, and the agreed sentence of 2 years. After finding a factual basis, the court then accepted Champion's plea and sentenced him to a term of 2 years.

The trial judge then advised Champion that before he could appeal he would have to file a motion asking that the plea of guilty be set aside and that if that motion was allowed, and he went to trial, the misdemeanor case that had been dismissed by the State could be reinstated. The judge stated that any errors not set forth in the motion would be waived for purposes of appeal.

Then—Judge White made these comments:

"Gentlemen, I feel that this petition for discharge was of such importance, and that the law is sort of in a hazy condition, on my own motion I'm going to appoint the Appellate Defender to represent him on the ruling on the motion for discharge, and I'm going to let him appeal that on my own motion, whether he wants to or not. * * *.

So, on my own motion, * * * I'm going to issue a Certificate of Importance out of the trial court to the Appellate Court of the Fourth District, and let those folks determine whether or not I was right in my ruling under the circumstances of this case.

Not going to hurt anything. If I'm right, then he's got his negotiated plea; if I'm wrong, then he shouldn't be penalized. If I'm reversed on that finding, then this whole thing will be set aside and that will be it."

This concluded the proceedings. The same day, a notice of appeal was filed.

Well, these "folks" remand.

After correctly admonishing defendant as to the procedure necessary to effect an appeal from his plea, the trial court decided that, on its own motion, a "Certificate of Importance" (!) would be issued to this court so that the denial of the speedy trial motion for discharge could be reviewed. This perhaps well-intentioned—but equally misguided—action by the trial judge in fact deprived defendant of his right to appeal following a guilty plea. Supreme Court Rule 604(d) (Ill. Rev. Stat. 1979, ch. 110A, par. 604(d)) clearly mandates that no appeal may be taken following a plea of guilty unless the defendant, within 30 days of sentencing, files a motion to withdraw his plea in the trial court.

The trial judge attempted to fashion a novel method of review. But it won't wash. Rule 604(d) is a model of lucidity and clarity: no appeal without first a motion to withdraw. Judge White meticulously advised defendant of this proper procedure, but then turned around and completely countermanded it—emasculated the admonishment—by *sua sponte* declaring a "Certificate of Importance" (for which we are aware of no authority) and ordering an appeal himself. He, quite effectively, destroyed the validity of the *correct* procedure by immediately fashioning an *incorrect* one. The second cancelled the first and defendant was left in limbo—as though he had not been properly advised at all as to his appeal rights.

Although a limited exception to Rule 604(d) exists where both the State and defendant agree that the record on appeal permits an evaluation of the merits of a motion to withdraw a guilty plea (*People v. Petrovich* (1979), 77 Ill. App. 3d 737, 396 N.E.2d 629), such is not the case here. Not only does this defendant argue that further proceedings in the circuit court are required herein, but the issue of a speedy trial has been neither briefed nor argued.

Defendant's failure to file a motion to vacate is certainly understandable, given the action of the trial court. The only way to rectify the situation and to protect his appellate rights is to remand with instructions that he be allowed to file a motion to vacate if he so desires. The current state of the record raises at least a particle of a question as to whether Champion understood that his plea of guilty would waive any claim that he had been denied a speedy trial, and he did not receive any specific admonishments on this point.

Remanded with directions.

TRAPP, P. J., and GREEN, J., concur.