THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. EVAN KELLEY, Defendant-Appellant.

First District (5th Division)   No. 1—91—1530

Opinion filed April 30, 1993.

MURRAY, J., concurring in part and dissenting in part.

Michael J. Pelletier and Barbara Kamm, both of State Appellate Defender's Office, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Margaret J. Faustmann, and Kevin M. Gleason, Assistant State's Attorneys, of counsel), for the People.

JUSTICE COUSINS delivered the opinion of the court:

Following a probation revocation proceeding in the circuit court of Cook County, where defendant admitted that he had violated the terms of his sentence, the trial court entered a finding of violation, then recommitted him to one year of probation and ordered him to perform 920 hours of community service. In this appeal defendant maintains that because the court failed to adequately admonish him in accordance with Supreme Court Rule 605(b) (134 Ill. 2d R. 605(b)) at the conclusion of this proceeding, his case must be remanded to the circuit court so that he may properly perfect his appeal by filing a motion to withdraw the guilty plea which provided the basis for the probation revocation.

We reverse and remand.

BACKGROUND

The record shows that in 1990 defendant entered a negotiated plea of guilty to a charge of home repair fraud (Ill. Rev. Stat. 1987, ch. 121½, par. 1603(a)(1)), and was sentenced to one year of probation. Defendant was also ordered to pay restitution to the complainant and a fine, plus perform 500 hours of public service. Eleven months later, the State filed a petition to revoke defendant's probation, alleging that he had failed to report as ordered and had not

fulfilled the community service condition of his probation. On March 22, 1991, the trial court heard preliminary matters in the revocation process and suggested a date for a hearing. Defendant then indicated that he could not post the bond set for his release, and the court conducted a bond hearing. Following that, a recess was taken. When court reconvened, defense counsel stated that he had discussed the matter with defendant and that defendant was willing to enter a plea of guilty to his violation of probation in return for a doubling of the community service hours.

The parties then stipulated that the defendant had failed to complete the community service hours assigned and had failed to report to the probation department on a regular basis as ordered. The court found defendant to be in violation of his probation, recommitted him to probation and ordered him to perform 920 hours of community service with a minimum of one-twelfth of those hours to be completed each month. The court then made a statement to the defendant regarding an appeal.

Subsequently, defendant filed a notice of appeal from the judgment entered. The defendant now contends that because the trial court failed to properly admonish him in substantial compliance with Supreme Court Rule 605(b), his case must be remanded to the circuit court so that he can file a proper motion to withdraw his plea in accordance with Supreme Court Rule 604(d). 134 Ill. 2d R. 604(d).

The State contends that the defendant was not entitled to such admonitions in the revocation proceedings; that if he was so entitled, the trial court's admonitions were sufficient; and any error committed therein was harmless since defendant was not restricted from raising any issue on appeal and his failure to address the grounds on which he seeks to withdraw the plea requires that his appeal be dismissed.

We disagree with the State's contention.

OPINION

The record shows that on April 1, 1990, the defendant entered a negotiated plea of guilty to a charge of home repair fraud (Ill. Rev. Stat. 1987, ch. 121½, par. 1603(a)(1)) and was sentenced to one year's probation, a condition of which required him to serve 30 days in custody with the Cook County Department of Corrections. The defendant was also ordered to pay restitution of $675 to the complainant, a fine of $1,000 and perform 500 hours of public service.

Before concluding the April 11, 1990, proceedings, the following remarks were made by the court and response received from defendant:

"THE COURT: It's my duty to advise you that you have a right to appeal, if you wish to appeal, you must first file a motion to vacate the plea of guilty, if that would be granted, the charges which have been nolle prosed [sic] and reduced against you could be reinstated. If it's denied, you have thirty days to file a notice of appeal. Any grounds not raised in your motion are waived.

Do you understand that?

THE DEFENDANT: Yes, Your Honor."

Approximately 11 months later, on March 22, 1991, defendant entered a plea of guilty to a petition for violation of probation. The petition alleged that he had not completed community service as ordered and had not reported to the probation department as ordered.

The court made a finding of guilty with regards to defendant's violation of his probation and sentenced defendant to a year's probation with a condition that defendant complete 920 hours of community service within the period of probation. The court ordered defendant to complete one-twelfth of this service each month, noting that defendant's failure to do so would constitute a violation of his probation. Before concluding these proceedings, the court made the following admonishment which the defendant contends does not conform to the requirements of Supreme Court Rule 605(b) (134 Ill. 2d R. 605(b)):

"THE COURT: It is my duty to advise you have a right to appeal. If you want to, you have to first file a motion to vacate your motion for a new hearing. The case is set down for trial.

If I deny it you have thirty days to file a Notice of Appeal. Any grounds not raised in your motion is [sic] waived, thirty days from today's date to do that."

The State contends that the record shows that the defendant was afforded due process protections in the proceeding where he voluntarily stipulated to the conduct which constituted the violation of the terms of his probation. However, we must consider whether the trial court admonished him in substantial compliance with Supreme Court Rule 605(b) (134 Ill. 2d R. 605(b)) and, if not, whether the case must be remanded so that defendant may file a proper mo-

tion to withdraw his "guilty plea" under Supreme Court Rule 604(d) (134 Ill. 2d R. 604(d)).

Under Rule 605(a) (134 Ill. 2d R. 605(a)), a trial court judge must advise a defendant of his right to an appeal "[i]n all cases in which the defendant is found guilty and sentenced to imprisonment, probation or conditional discharge, periodic imprisonment, or to pay a fine, or *in which a sentence of probation or conditional discharge has been revoked or the conditions attached to such a sentence modified*, except in cases in which the judgment and sentence are entered on a plea of guilty." (Emphasis added.) Thus, Rule 605(a) specifically indicates that the admonishment applies to probation violation or modification hearings in which the defendant pleads not guilty.

■ Rule 605(a) deals with admonishments for a judgment and sentence on a plea of not guilty, and Rule 605(b) deals with admonishments for a judgment and sentence on a plea of guilty. While Rule 605(b) is not as specific as Rule 605(a) in that it states "[i]n all cases in which a judgment is entered upon a plea of guilty," it seems clear that "all cases" refers to those listed specifically under Rule 605(a).

Rule 605(b) (134 Ill. 2d R. 605(b)) provides:

"In all cases in which a judgment is entered upon a plea of guilty, at the time of imposing sentence, the trial court shall advise the defendant *substantially* as follows:

(1) that he has a right to appeal;

(2) that prior to taking an appeal he must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the judgment vacated and for leave to withdraw his plea of guilty, setting forth his grounds for the motion;

(3) that if the motion is allowed, the plea of guilty, sentence and judgment will be vacated and a trial date will be set on the charges to which the plea of guilty was made;

(4) that upon the request of the State any charges that may have been dismissed as a part of a plea agreement will be reinstated and will also be set for trial;

(5) that if he is indigent, a copy of the transcript of the proceedings at the time of his plea of guilty and sentence will be provided without cost to him and counsel will be appointed to assist him with the preparation of the motions; and

(6) that in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the

motion to vacate the judgment and to withdraw his plea of guilty shall be deemed waived." (Emphasis added.)

Illinois Supreme Court Rules 605(a) and 605(b) must be construed together. When so construed, it is clear that the admonishments set forth in Rule 605(b) are applicable to a sentence where *a sentence of probation has been revoked* as in the case at bar.

■ We have examined the admonishment. The admonishment was confusing. We hold that the admonishment did not substantially advise Kelley as required, *inter alia*, "(2) that prior to taking an appeal he must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion to have the judgment vacated and for leave to withdraw his plea of guilty, setting forth his grounds for the motion. *** (5) that if he is indigent, a copy of the transcript of the proceedings at the time of his plea of guilty and sentence will be provided without cost to him and counsel will be appointed to assist him with the preparation of the motions." 134 Ill. 2d Rules 605(b)(2), (b)(5).

Supreme Court Rule 605(b) gives a defendant no substantive rights. The rule merely regulates his right to appeal from a judgment entered on his guilty plea. The failure to properly admonish the defendant after his guilty plea does not deprive the defendant of his right to appeal.

Procedurally, in the interest of judicial economy, a defendant who has not been properly admonished in the trial court and who seeks to have the case remanded to the trial court for the purpose of making a motion to vacate should accompany that request with a showing of facts which he relies upon to secure the vacation of the plea. If the claim of error is one which may be supported by the record, the reviewing court will then be in a position to review the case without an unnecessary remand. See *People v. Thompson* (1977), 47 Ill. App. 3d 346, 361 N.E.2d 1169; *People v. Saldana* (1977), 53 Ill. App. 3d 636, 638, 368 N.E.2d 1055.

In this case, no substantive basis for review of the judgment has been set forth. Therefore, we cannot decide the merits of the appeal from the judgment of the trial court. So, the question whether the defendant has cause to vacate his guilty plea may depend upon an evidentiary hearing, which is a matter within the province of the trial court.

As in the *Saldana* case, we fail to understand or appreciate why defense counsel has placed this court in this position or how this serves the interests of the defendant. However, substantial compliance has not been had with Supreme Court Rule 605(b).

As a result, the State's motion to dismiss the appeal is denied and the cause is reversed and remanded to the trial court with directions to permit the defendant to file a motion to vacate his plea of guilty within 30 days from the return of this cause to the trial court on remand and thereafter to proceed in accordance with Supreme Court Rule 605(b).

Reversed and remanded.

GORDON, P.J., concurs.

JUSTICE MURRAY, concurring in part and dissenting in part:

I concur with the conclusion that the trial court failed to follow Supreme Court Rule 604(d) (134 Ill. 2d R. 604(d)). The trial court's failure to advise defendant that a written motion to withdraw his plea of guilty and that he was entitled to a free transcript was a violation of two of the six pieces of advice a trial judge is required to give a defendant like Kelley who desires to withdraw his guilty plea to a probation violation.

I cannot see how either defendant or the criminal justice system was harmed by the trial judge's failure. Defendant was initially convicted of "home repair fraud" on his plea of guilty. Among other matters, he was ordered to perform 500 hours of community service. He was charged with violation of his probation because he failed to complete his 500 hours of community service.

In light of the offense, defendant pleaded guilty to "home repair fraud." Defendant's failure to carry out this term of his initial probation may have been, in itself, a service to the community.

Rather than reversing and remanding the trial court to permit defendant to file a motion to vacate his guilty plea, this court should consider defendant's failure to perform community service a service to the community and dismiss his appeal on the ground of mootness.

The appeal demonstrates one of the great defects in our modern criminal justice system (1) our hang-up for procedure over substance, and (2) our modern dedication to appearance over reality.