THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RUSSELL STEVENS, Defendant-Appellant.

Fourth District    No. 16712

Opinion filed March 23, 1981.

Tim Eaton, of Decatur, for appellant.

Basil G. Greanias, State's Attorney, of Decatur (Robert J. Biderman and Debra A. Buchman, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

On October 10, 1980, in the circuit court of Macon County, defendant Russell Steven's probation was revoked and the minimum sentence of 2 years' imprisonment was imposed for the charge of unlawful possession of a controlled substance. Defendant was denied credit for the time which he had served on probation.

On appeal defendant contends that the trial court abused its discretion in: (1) revoking defendant's probation; (2) sentencing defendant to a term of imprisonment of 2 years; and (3) denying defendant credit for time served on probation. Also taken with the case was a motion by the State to dismiss the appeal for want of jurisdiction.

On November 11, 1979, defendant pleaded guilty to unlawful possession of a controlled substance and was thereafter sentenced to a period of probation of 1 year. On August 1, 1980, a report of violation of probation was filed charging the defendant with violating his probation. On September 12, 1980, defendant admitted to a violation of his probation on the basis of two charges of aggravated battery. Defendant was sentenced, following a hearing, on October 10, 1980. On that same day defendant filed his notice of appeal. Defendant later filed in this court a motion for limited remandment to the trial court to permit him to file there a motion to vacate his plea of violation of probation before the trial court. No objection was made to the motion, and it was granted on November 3, 1980. The motion to vacate admission of probation violation was filed in the circuit court on November 5, 1980. That motion was denied on December 12, 1980. No additional notice of appeal has been filed.

On February 19, 1981, the State filed the motion to dismiss the appeal claiming that defendant had not filed a notice of appeal subsequent to the filing of the court's order denying the motion to vacate, and therefore this court lacks jurisdiction over the subject matter.

■■ Supreme Court Rule 604(d) (73 Ill. 2d R. 604(d)) requires a defendant who has entered a plea of guilty in a criminal case to file, present, and obtain a ruling in the trial court upon a motion to withdraw the plea before a conviction or sentence may be appealed. The rule makes no express reference to an appeal from a conviction or sentence imposed after a defendant on probation has admitted the allegations of the petition to revoke the probation. No case has been called to our attention requiring a defendant in such a case to move to withdraw his admission as a condition of appeal. In *People v. Beard* (1974), 59 Ill. 2d 220, 319 N.E.2d 745, probations of defendants were revoked after they admitted to violations. The defendants appealed, contending that the requirements of Supreme Court Rule 402 (50 Ill. 2d R. 402) were applicable to probation-revocation proceedings where, as there, the defendants admitted the violations charged. The supreme court heard the case and held that Rule 402 was not applicable in full as to such proceedings. By its decision, the court indicated that the analogy between a court's acceptance of a guilty plea and acceptance of an admission of a probation violation is not complete. Although no question of the court's jurisdiction or that of the appellate court was raised, by taking the case, the court also indicated that no motion to withdraw the admissions of violations was required. We hold that the requirement of Rule 604(d) is not applicable to a case of this nature.

■■ As no motion by defendant to withdraw his admission was required as a condition to this appeal, we clearly had jurisdiction prior to the order of remandment. As that order expressly provided that the remandment was for only a limited purpose, we did not lose jurisdiction thereby. When the ruling on the motion was certified to this court, we had full jurisdiction to proceed with the appeal without any further notice of appeal. The motion to dismiss the appeal is denied.

■■■ The termination of probation is a question which rests within the sound discretion of the court and absent a clear showing that the decision was against the manifest weight of the evidence, that determination should not be overturned. (*People v. Brooks* (1973), 14 Ill. App. 3d 93, 302 N.E.2d 244.) Much the same rule applies to a determination of the length of sentence (*People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541) and as to whether to give a defendant credit for time served on probation. (*People v. Stufflebean* (1979), 73 Ill. App. 3d 801, 392 N.E.2d 414.) Defendant here was unable to successfully complete probation in that he committed acts of substantial violence by slashing two people with a knife. This indicated a lack of rehabilitation. It was not an abuse of discretion under these circumstances to have revoked defendant's probation and have sentenced him to imprisonment. The sentence was the minimum imprisonment for the offense. In view of that fact and because the trial court could

have properly found that no rehabilitation had occurred while defendant was on probation, it was not an abuse of discretion for the trial court to have imposed that sentence and to have denied defendant credit for the time that he served while on probation.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.

CRAVEN and MILLS, JJ., concur.