THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DOUGLAS O. TUFTE, Defendant-Appellant.
Second District   No. 2—92—0705

Opinion filed December 6, 1993.—Rehearing denied January 10, 1994.

G. Joseph Weller and Barbara R. Paschen, both of State Appellate Defender's Office, of Elgin, for appellant.

Douglas P. Floski, State's Attorney, of Oregon (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE INGLIS delivered the opinion of the court:

Defendant, Douglas Tufte, appeals from an order of the circuit court of Ogle County which sentenced him to 180 days of home detention after defendant admitted the allegations of a petition to revoke his conditional discharge. We reverse and remand.

Defendant was originally charged with violating a protective order entered in favor of his former wife. He waived his right to counsel and pleaded guilty. He was subsequently sentenced to 364 days of conditional discharge with 60 days in the county jail. The incarceration was delayed for two weeks so that defendant could complete some landscaping work for clients. Defendant was also ordered to attend alcohol counseling, abstain from alcohol, and have no contact with his former wife except to set up visitation with his children, who lived with her.

Defendant failed to report to jail or to the probation office. Consequently, the State filed a petition to revoke defendant's conditional discharge. At the hearing on the petition, the court advised defendant that he had a right to a full evidentiary hearing, an attorney, to confront witnesses, to present evidence, and to waive those rights and plead guilty or admit the petition. Defendant alleged that he was "being shafted" by the justice system. The judge then refused to accept defendant's waiver of rights and plea of admission, and appointed a public defender to represent defendant.

Four days later, defendant again appeared before the court, this time with a public defender. Defendant subsequently admitted the allegations in the petition to revoke and was sentenced to home detention. The trial judge did not admonish defendant at the sentencing hearing concerning his right to appeal or the necessity of first filing a motion in the trial court.

In this court, defendant argues that we must remand the cause to the trial court to allow him to file a motion to withdraw his admission to the petition. He contends that the trial judge erred in not admonishing him that such a motion is required to perfect an appeal.

Defendant relies on the case of *People v. Kelley* (1993), 246 Ill. App. 3d 914. There, a defendant whose probation was revoked upon his admission to the allegations of the revocation petition filed an appeal claiming that he was not properly admonished as to perfecting

his appeal. The *Kelley* court analyzed Supreme Court Rule 605 (134 Ill. 2d R. 605) and determined that under Rule 605(b) (145 Ill. 2d R. 605(b)), the defendant was entitled to be admonished, when sentenced upon the revocation of his probation, that he had to timely file a motion to reconsider sentence or a motion to withdraw his guilty plea in order to perfect an appeal. (*Kelley*, 246 Ill. App. 3d at 918-19.) The general standards governing the revocation of probation also govern the revocation of conditional discharge. Ill. Rev. Stat. 1991, ch. 38, par. 1005—6—4 (now 730 ILCS 5/5—6—4 (West 1992)).

The State argues that Rule 605(b) does not apply to an admission to the allegations in a petition to revoke conditional discharge, but applies only to a plea of guilty to criminal charges. The State relies on our decision in *People v. Kruszyna* (1993), 245 Ill. App. 3d 977, in which we applied the waiver and plain error rules to an appeal from the revocation of conditional discharge following the admission to the allegations in the revocation petition. (*Kruszyna*, 245 Ill. App. 3d at 980.) *Kruszyna* also noted the "qualitative difference between a criminal prosecution and the revocation of probation" and that Supreme Court Rule 402 (134 Ill. 2d R. 402), which governs the admonishments to be given prior to the acceptance of a guilty plea, does not apply to revocation proceedings. (*Kruszyna*, 245 Ill. App. 3d at 980-81.) However, *Kruszyna* did not squarely confront the issue whether Rule 605(b)'s admonishments apply to revocation proceedings. To the extent that *Kruszyna* can be construed to hold that Rule 605(b) does not apply to revocation proceedings, we depart from that ruling.

At the time defendant was sentenced after his conditional discharge was revoked, Supreme Court Rule 605 stated, in pertinent part:

"Rule 605. Advice to Defendant

(a) On Judgment and Sentence After Plea of Not Guilty. In all cases in which the defendant is found guilty and sentenced to imprisonment, probation or conditional discharge, periodic imprisonment, or to pay a fine, *or in which a sentence of* probation or *conditional discharge has been revoked* or the conditions attached to such a sentence have been modified, *except in cases in which the judgment and sentence are entered on a plea of guilty*, the trial court shall, at the time of imposing sentence or modifying the conditions of the sentence, advise the defendant of his right to appeal \*\*\*. \*\*\*

(b) On Judgment and Sentence Entered on a Plea of Guilty. *In all cases in which a judgment is entered upon a plea of*

*guilty*, at the time of imposing sentence, the trial court shall advise the defendant substantially as follows:
\* \* \*

(2) that prior to taking an appeal he must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the judgment vacated and for leave to withdraw his plea of guilty, setting forth his grounds for the motion." (Emphasis added.) 134 Ill. 2d R. 605.

The *Kelley* court stated that Rules 605(a) and (b) must be construed together, with the result that the admonishments contained in Rule 605(b) must be given when a sentence of probation is revoked upon an admission to the allegations in the petition to revoke. (*Kelley*, 246 Ill. App. 3d at 919.) The court reasoned that the phrase "all. cases" in Rule 605(b) referred to the cases specifically listed in Rule 605(a). We agree with *Kelley* and believe that the caveats in Rule 605(b) must also be given when a sentence of conditional discharge is revoked upon an admission to the allegations in the petition to revoke.

One reason for our decision is the interplay between Rule 605(b) and Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)). Rule 605(b) is not only a counterpart to Rule 605(a), but also to Rule 604(d). (134 Ill. 2d R. 604(d).) At the time defendant was sentenced to home detention, Rule 604(d) stated in pertinent part:

(d) Appeal by Defendant From a Judgment Entered Upon a Plea of Guilty. No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to withdraw his plea of guilty and vacate the judgment." (134 Ill. 2d R. 604(d).)

The language of Rules 605(b)(2) and 604(d) meshes. Rule 604(d) contains the rule for taking an appeal after a plea of guilty, and Rule 605(b)(2) charges the trial judge with informing the defendant of Rule 604(d)'s provisions.

This court has construed Rule 604(d)'s motion requirement as presenting a jurisdictional prerequisite to appealing from a plea of guilty. See *People v. Pfister* (1993), 240 Ill. App. 3d 931, 934; *People v. Ramage* (1992), 229 Ill. App. 3d 1027, 1029.

We explained in *Pfister* the reason why post-conviction procedures following guilty pleas are treated as jurisdictional requirements under Rule 604(d) while a failure to file a post-trial motion after a trial on the merits results in waiver. The reason is that many errors asserted in appeals from pleas of guilty would be easily and quickly corrected

in the trial court if brought to the trial court's attention. (*Pfister*, 240 Ill. App. 3d at 935, citing *People v. Wilk* (1988), 124 Ill. 2d 93, 106.) It is thus important for the trial judge to be given the first opportunity to correct any errors which took place outside the official proceedings and *dehors* the record. (*Pfister*, 240 Ill. App. 3d at 936, citing *Wilk*, 124 Ill. 2d at 104-05.) We believe that the same considerations of judicial efficiency come into play whether an appeal is taken from a plea of guilty to criminal charges or an admission to the allegations of a petition to revoke conditional discharge or probation. Consequently, Rule 604(d)'s jurisdictional motion requirement should apply in this case.

It would seem, then, that we do not have jurisdiction to hear this appeal. However, "[i]f the trial court fails to admonish the defendant pursuant to Supreme Court [Rule] 605(b), then the failure to file a timely Rule 604(d) motion is excused." (*People v. Radunz* (1989), 180 Ill. App. 3d 734, 739; *People v. Riley* (1991), 220 Ill. App. 3d 476, 477.) Here, defendant was not admonished pursuant to Rule 605(b) at the time he was sentenced to home detention. We consequently have jurisdiction to hear the merits of defendant's appeal. See *Radunz*, 180 Ill. App. 3d at 739-40 (refusal to penalize defendant for errors committed by trial court).

However, defendant has not included in his brief the basis for attacking the revocation of his conditional discharge. Defendant's appeal essentially was a preemptive strike designed to eliminate any argument by the State that this court was without jurisdiction to entertain an appeal by defendant attacking the revocation. While defendant's move was crafty, it does not advance judicial efficiency. A similar set of circumstances faced the court in *Kelley*. We agree with the following passage from that opinion:

"Procedurally, in the interest of judicial economy, a defendant who has not been properly admonished in the trial court and who seeks to have the case remanded to the trial court for the purpose of making a motion to vacate should accompany that request with a showing of facts which he relies upon to secure the vacation of the plea. If the claim of error is one which may be supported by the record, the reviewing court will then be in a position to review the case without an unnecessary remand." (*Kelley*, 246 Ill. App. 3d at 919.)

We advise all counsel to heed this caveat in future cases.

For the foregoing reasons, this cause is remanded to the circuit court of Ogle County with directions to permit defendant to file a mo-

tion to withdraw his admission or reconsider the sentence within 30 days from the return of this cause to the circuit court.

Reversed and remanded.

GEIGER and COLWELL, JJ., concur.