(No. 76856.

## THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. DOUGLAS O. TUFTE, Appellee.

*Opinion filed March 23, 1995.*

Roland W. Burris, Attorney General, of Springfield, and Douglas P. Floski, State's Attorney, of Oregon (Norbert J. Goetten and William L. Browers, of the Office of the State's Attorneys Appellate Prosecutor, of Elgin, of counsel), for the People.

G. Joseph Weller, Deputy Defender, and Barbara R. Paschen, Assistant Defender, of the Office of the State Appellate Defender, of Elgin, for appellee.

JUSTICE McMORROW delivered the opinion of the court:

In this case we are asked to decide whether a defendant's admission that he violated the terms of his conditional discharge should be construed as a "plea of guilty," so as to trigger the trial court's duty, under Illinois Supreme Court Rule 605(b) (134 Ill. 2d R. 605(b)), to admonish the defendant that he is required to file a motion to vacate his guilty plea, or a motion to reconsider his sentence, before the defendant may appeal from the trial court's judgment.

I

According to the record, defendant, Douglas Tufte, was divorced from his wife, Patricia, in 1988. Defendant's wife retained custody of their four children. She later remarried and lived with her second husband and her children in Ogle County, Illinois.

In 1989, the circuit court of Ogle County entered an order of protection against the defendant and in Patricia's behalf. In October 1991, the State filed an information against the defendant charging him with violating the order of protection (720 ILCS 5/12—30 (West 1992)). Defendant appeared *pro se* for the hearing

on this charge in March 1992 and pled guilty. The court sentenced defendant to 60 days' incarceration and a period of conditional discharge (730 ILCS 5/5—6—2, 5—6—3 (West 1992)) and ordered defendant to refrain from alcohol consumption. The court also prohibited defendant from having any contact with his former wife, except to arrange visitation with their children. The court directed that defendant's term of incarceration would commence on March 27, 1992.

Defendant did not appear to begin serving his sentence, and in April 1992, the State filed a petition to revoke defendant's conditional discharge. At a hearing on the petition to revoke, defendant appeared *pro se*. Although the defendant informed the court of his desire to plead guilty to the charge as filed by the State, the defendant told the court that he did not believe he could receive a fair trial in Ogle County. The trial court continued the matter until a later date and appointed an assistant public defender to represent the defendant.

When the trial court later held additional proceedings on the petition to revoke conditional discharge, the defendant admitted that he had violated the terms of his conditional discharge, and elected to have the trial court decide the sentence he should receive. The trial court reviewed the defendant's presentence report and heard testimony of witnesses for the prosecution and the defense. In an order entered June 15, 1992, the trial court sentenced the defendant to 180 days' home detention (730 ILCS 5/5—7—1 (West 1992)) to commence *instanter*. The court ordered the defendant to remain at his residence at all times unless the defendant was at work or was in the custody of his mother. The defendant was also ordered to consume no alcohol, to remain outside of Ogle County at all times (except to appear for court proceedings) and to pay the costs of the proceedings. Two days later, on June 17, 1992, defendant filed a

notice of appeal from the trial court's judgment and sentence.

The appellate court determined that a defendant's admission that he has violated the terms of his conditional discharge is governed by Supreme Court Rule 605(b), which requires that the trial court give the defendant specific admonitions regarding his right to an appeal when he has entered a plea of guilty. Because the trial court here had not so admonished the defendant, the appellate court reversed the trial court's judgment and remanded the cause with directions that the defendant be permitted to file a motion to withdraw his admissions to having violated his conditional discharge and/or to reconsider his sentence. (253 Ill. App. 3d 583.) We allowed the State's petition for leave to appeal (145 Ill. 2d R. 315).

## II

The defendant contends that the trial court should have given him the admonitions stated in Rule 605(b). Defendant argues that this rule is an integral component of this court's rules regarding trial court treatment of pleas of guilty in criminal proceedings. Defendant asserts that Rule 605(b) is a necessary corollary to Rule 604(d), which also applies to proceedings where the defendant has entered a plea of guilty. The State argues that neither Rule 605(b) nor Rule 604(d) applied to the defendant's admission that he violated the terms of his conditional discharge.

We begin our analysis with a review of the terms of Rules 604 and 605. Rule 604 governs appeals from certain judgments and orders. With regard to appeals from an order of conditional discharge or periodic imprisonment, Rule 604(b) states that a defendant who has been sentenced to probation, conditional discharge, or periodic imprisonment may file an appeal from the trial court's judgment and may challenge either his

sentence, his guilt of the underlying criminal charges, or both. In addition, the defendant may appeal from "an order modifying the conditions of or revoking such an order or sentence." 134 Ill. 2d R. 604(b).

Rule 604(d) provides guidelines where the defendant seeks to appeal from a judgment entered upon his plea of guilty. It states in pertinent part that a defendant who has been convicted following his entry of a guilty plea, and who wishes to challenge the trial court's acceptance of his plea, must file a motion to vacate the plea before he may seek to appeal from the trial court's judgment against him. Where the defendant wishes to challenge the sentence he received, he must first file a motion to reconsider the sentence. If the defendant's motion relies on facts that do not appear of record, then he must file an affidavit supporting his position. An issue that is not raised in the motion to reconsider cannot be raised on appeal. 134 Ill. 2d R. 604(d).

In contrast to Rule 604, Rule 605 sets forth the admonitions the trial court must give to the defendant regarding his right to appeal. Rule 605(a) applies where a defendant's conviction results from a finding of guilty that is not based upon the entry of a guilty plea. It states that the trial court should inform the defendant *inter alia* that he has a right to appeal and to have a transcript furnished at no cost if he is indigent. (134 Ill. 2d R. 605(a).) The trial court should also advise the defendant that in order to preserve his right to appeal, he must file a notice of appeal within 30 days from the date of sentence. 134 Ill. 2d R. 605(a).

Paragraph (b) of Rule 605 applies where the defendant's conviction resulted from his entry of a plea of guilty. It directs the trial court to advise the defendant that, in order to preserve his right to an appeal, the defendant must file a written motion to vacate his guilty plea or reconsider his sentence. (134 Ill. 2d Rules

605(b)(1), (b)(2).) The defendant must also be informed that if his motion to vacate the guilty plea is allowed, the trial court's judgment and sentence will be vacated and the case will be set for trial. (134 Ill. 2d R. 605(b)(3).) In addition, the State may also request that any dismissed charges be reinstated and set for trial. (134 Ill. 2d R. 605(b)(4).) The trial court should also inform the defendant that, if he appeals, he will be provided a free transcript of the trial proceedings and that counsel will be appointed to represent him. (134 Ill. 2d R. 605(b)(5).) Lastly, the defendant should be advised that any issue or claim that he did not raise in his motion to vacate or reconsider cannot be raised on appeal. (134 Ill. 2d R. 605(b)(6).) As noted previously, Rule 605(b) is complementary to Rule 604(d) and was adopted to serve as a corollary to Rule 604(d), which requires that the defendant file a motion to vacate before he may appeal from a conviction entered upon his guilty plea.

Rule 605 distinguishes between the set of admonitions which the defendant must be given where he has entered a plea of guilty (Rule 605(b)) and where he has not entered a plea of guilty (Rule 605(a)). For the purpose of the present appeal, one of the most notable differences between paragraphs (a) and (b) is that paragraph (b) requires the defendant to file a motion to vacate the guilty plea or reconsider the sentence before the defendant may seek to appeal the trial court's judgment, while paragraph (a) contains no corresponding preappeal requirement.

Defendant contends that his admission to having violated the terms of his conditional discharge amounted to a "plea of guilty" under Rule 605(b). On this basis, the defendant argues that the trial court should have given him the admonitions applicable to a guilty plea set forth in Rule 605(b) and that the failure to do so amounted to reversible error. We disagree, and conclude

that the trial court was not obligated to give the defendant the admonitions set forth in Rule 605(b).

Initially, we note that defendant's argument does not take into account the express language of Rules 605(a) and 604(b). Rule 605(a) plainly states that it applies where the defendant's sentence of conditional discharge has been revoked. In addition, Rule 604(b) provides for appeals from judgment and sentence where the defendant's conditional discharge has been revoked. Both of these provisions, when construed in tandem, expressly indicate that revocation of a defendant's sentence of conditional discharge is not to be treated identically to proceedings where a defendant has been found guilty based upon his entry of a guilty plea. Proceedings where a defendant has entered a plea of guilty to a criminal charge are governed by Rules 604(d) and 605(b).

This court's decision in *People v. Beard* (1974), 59 Ill. 2d 220, illustrates the significant distinction between a proceeding where the defendant has entered a plea of guilty and a proceeding where the defendant has admitted to a violation of the terms of his conditional discharge. In addition, *Beard* demonstrates that this court has not interpreted the phrase "plea of guilty" to encompass the expansive construction suggested by the defendant.

In *Beard*, this court considered the applicability of Supreme Court Rule 402 to a proceeding where a defendant admitted that he had violated the terms of his probation. Rule 402 sets forth the procedures to be followed when a trial court accepts a defendant's guilty plea. (See 134 Ill. 2d R. 402 (requiring that trial court, before accepting plea of guilty from defendant, determine *inter alia* that defendant understands charges, that defendant has voluntarily decided to enter a guilty plea, and that there is a factual basis for the plea).) This

court concluded that a defendant's admission that he had violated his probation did not constitute a plea of guilty under Rule 402. The court stated that a probation revocation proceeding is "not a step in the criminal prosecution," noting that "a parolee or probationer ha[s] already been convicted of a criminal offense." (*Beard*, 59 Ill. 2d at 225, discussing *Gagnon v. Scarpelli* (1973), 41 U.S. 778, 36 L. Ed. 2d 656, 93 S. Ct. 1756.) The court also found it noteworthy that at a probation revocation proceeding, unlike a criminal trial, the State's burden is to prove by merely a preponderance of the evidence that the defendant has violated his probation. In addition, certain procedural safeguards in a probation revocation proceeding are specifically provided for, including the defendant's right to confront and cross-examine witnesses, and the right to be represented by counsel. (*Beard*, 59 Ill. 2d at 226.) The court concluded that although a "defendant in a criminal trial or probation hearing may ultimately be incarcerated as a result thereof, *** there is a qualitative difference between a criminal conviction and the revocation of probation ***." (*Beard*, 59 Ill. 2d at 226.) For these reasons, this court found Rule 402's requirements regarding acceptance of a guilty plea inapplicable to proceedings where a defendant is charged with and admits to a violation of the terms of his probation.

This court has relied upon this analysis in *Beard* to conclude that a defendant in a probation revocation proceeding is not entitled to discovery and that our rule regarding discovery in criminal cases (134 Ill. 2d R. 411) is inapplicable to a probation revocation proceeding. (*People v. DeWitt* (1979), 78 Ill. 2d 82.) This court has also held, based upon its reasoning in *Beard*, that the exclusionary rule does not apply in revocation of probation hearings. (*People v. Dowery* (1975), 62 Ill. 2d 200.) In each of these decisions, the court focused upon the

principle that "significant dissimilarities exist between [probation revocation] proceedings and a criminal trial. [Citations.]" (*Dowery*, 62 Ill. 2d at 204.) As explained in *DeWitt*, a "probationer has already been convicted of the crime resulting in probation and is entitled to fewer procedural safeguards than one who has not been convicted at all. [Citation.]" (*DeWitt*, 78 Ill. 2d at 85.) In addition, in *DeWitt* the court made the following observations:

> "Although a determination that a probationer has violated the conditions of his probation may result in a sentence to the penitentiary, that sentence is imposed for the original offense of which he had been convicted rather than for the conduct constituting [the] violation. *** While our discovery rules do not specifically exclude probation- or parole-revocation hearings, it is quite clear that they were designed for use in connection with criminal trials. Those rules apply to the probationer's trial on the underlying offense, but a petition to revoke probation is not a criminal indictment or information and a judgment revoking probation is not a felony conviction. [Citations.]" *DeWitt*, 78 Ill. 2d at 86.

Similarly, in the present cause, we find that Rule 605(b), which sets forth the admonitions that the trial court must give when the defendant has pled guilty to charges made in a criminal indictment or information, does not apply to proceedings to revoke a defendant's conditional discharge. Revocation of a defendant's conditional discharge is governed by the same statutory requirements that are applicable where the State seeks to revoke a defendant's probation.[1] (730 ILCS 5/5—6—4 (West 1992).) Because probation revocation proceedings

---

[1]Conditional discharge is defined as a "sentence or disposition of conditional and revocable release without probationary supervision but under such conditions as may be imposed by the court." (730 ILCS 5/5—1—4 (West 1992).) Probation is defined as a "sentence or disposition of conditional and revocable release under the supervision of a probation officer." 730 ILCS 5/5—

are not governed by this court's rules regarding acceptance of a defendant's guilty plea to a criminal indictment or information (134 Ill. 2d R. 402), and because probation revocation proceedings are also not governed by this court's discovery rules for criminal cases (134 Ill. 2d R. 411), then this court's rules with respect to admonitions upon a plea of guilty (134 Ill. 2d R. 605(b)) are also inapplicable to probation revocation proceedings. In addition, because revocation of conditional discharge is substantially similar to revocation of probation, we conclude that Rule 605(b) does not apply to proceedings where the defendant has admitted that he violated the terms of his conditional discharge.

The State argues that paragraph (a) of Rule 605, rather than paragraph (b), applies where a defendant has admitted that he violated the terms of his conditional discharge. As stated previously, paragraph (a) of Rule 605 applies where a defendant has not entered a guilty plea, and provides for fewer admonitions regarding the defendant's right to an appeal. See 134 Ill. 2d R. 605(a).

Defendant claims that admissions to a charge of violation of conditional discharge are excluded under the express language of Rule 605(a). Defendant relies on that part of Rule 605(a) which states that the specified admonitions must be given in "*all cases in which* the defendant is found guilty and sentenced to imprisonment, probation or conditional discharge, periodic imprisonment, or to pay a fine, or in which *a sentence of probation or conditional discharge has been revoked* or the conditions attached to such a sentence have been modified, *except in cases in which the judgment and sentence are entered on a plea of guilty*." (Emphasis added.) (134 Ill. 2d R. 605(a).) The defendant notes that in *People v. Kelley* (1993), 246 Ill. App. 3d 914, the appel-

1—18 (West 1992).

late court relied upon this language in the rule to conclude that a defendant's admission to having violated the terms of his conditional discharge should be governed by Rule 605(b), rather than Rule 605(a). The appellate court in the instant cause relied upon *Kelley* in holding that Rule 605(b) should apply here.

However, considered in the context of this court's rulings in *Beard, DeWitt,* and *Dowery,* the language of Rule 605(a) does not lead to the conclusion advanced by the defendant or adopted by the appellate court. The decisions in *Beard, DeWitt,* and *Dowery* held that a "plea of guilty" is limited to instances where a defendant has been indicted or charged by information with a criminal offense, and does not include admission to violation of a sentence, such as probation, that has already been imposed for conviction of criminal activity. Given this distinction, Rule 605(a)'s qualifying phrase, "except in cases in which the judgment and sentence are entered on a plea of guilty," is intended to apply to cases where the defendant's conviction is based on charges made in a criminal indictment or information, and is not intended to apply to cases where a defendant's probation or conditional discharge has been modified or revoked. Construed in this fashion, Rule 605(a) is consistent with our precedent that distinguishes between cases in which the defendant pleads guilty to criminal charges brought against him in a criminal indictment or information and proceedings where the defendant admits that he has violated the terms of a sentence that has been imposed upon him, such as probation or conditional discharge, based on a criminal conviction for which the defendant has already been found guilty. To the extent that *Kelley*, 246 Ill. App. 3d 914, reached a contrary conclusion, it is hereby overruled.

To support its conclusion that a defendant's admission to violating the terms of his conditional discharge

should be governed by the requirements of Rule 605(a), the appellate court also looked to the underlying purpose of Rule 604(d). Rule 604(d) requires that a defendant, who has pleaded guilty and been convicted, must file a motion to vacate his plea and/or reconsider his sentence before he may seek to appeal from the trial court's judgment. The appellate court reasoned that Rule 604(d) is significant because "many errors asserted in appeals from pleas of guilty would be easily and quickly corrected in the trial court if brought to the trial court's attention [in the defendant's motion to vacate]. [Citation.]" (253 Ill. App. 3d at 586-87.) The appellate court noted that it is "important for the trial judge to be given the first opportunity to correct any errors which took place outside the official proceedings and *dehors* the record. [Citation.]" (253 Ill. App. 3d at 587.) The appellate court concluded that the "same considerations of judicial efficiency come into play whether an appeal is taken from a plea of guilty to criminal charges or an admission to the allegations of a petition to revoke conditional discharge or probation." 253 Ill. App. 3d at 587.

We cannot agree with the appellate court's reasoning. As was recognized in *Beard, DeWitt,* and *Dowery,* a defendant's entry of a guilty plea, in response to criminal charges that have been filed against him, is qualitatively different from a defendant's admission that he has violated the terms of his conditional discharge. A defendant's challenge to revocation of his conditional discharge pertains to the trial court's alleged error in sentencing the defendant. A defendant who has been sentenced to conditional discharge has already been tried and convicted of the underlying criminal offense giving rise to the sentence of conditional discharge. Moreover, if the defendant was found guilty and convicted based upon his entry of a guilty plea to the

underlying criminal offense, then he should already have been admonished in accordance with Rules 604(d) and 605(b). The appellate court's noted concern for judicial efficiency is adequately safeguarded by *permitting*, but not *requiring*, a defendant to first file a motion to vacate or reconsider the sentence he has received because of revocation of his conditional discharge. Generally, where a defendant whose conviction did not result from a plea of guilty seeks to challenge only the sentence he has received, the defendant *may*, if he chooses, file a motion to reconsider his sentence before filing a notice of appeal. (730 ILCS 5/5—8—1(c) (West 1992).) In light of this rule, this court has held that a motion to reconsider is not a prerequisite to the defendant's appeal where a defendant's sole argument on appeal pertains to the sentence he received. *People v. Lewis* (1994), 158 Ill. 2d 386 (interpreting section 5—8—1(c) of the Unified Code of Corrections).

Allowing the defendant the opportunity to file a motion to reconsider, before seeking an appeal, permits the defendant to request the trial court's reconsideration of its sentence before the defendant files a notice of appeal from the trial court's determination. If the defendant does not file a motion to vacate or reconsider, but rather seeks an immediate appeal, the reviewing court may consider the defendant's argument on its merits. Because of the qualitative difference between the entry of a guilty plea and an admission to violating the terms of conditional discharge, we conclude that this procedure amply safeguards concerns for judicial economy and the prompt review of a defendant's challenge to the sentence he has received from the trial court.

With respect to the present cause, we note that the State has conceded that the trial court should have given the defendant the admonitions stated in Rule 605(a), *i.e.*, that he has the right to file an appeal, and

that if he wishes to pursue an appeal, he is required to file his notice of appeal within 30 days of the date of sentence. (134 Ill. 2d R. 605(a).) However, defendant does not argue that he was prejudiced by the trial court's failure to give him the admonitions set forth in Rule 605(a). Also, the record shows that the defendant did, in fact, preserve his appeal rights by filing his notice of appeal two days after the trial court imposed its sentence for the defendant's violation of his conditional discharge.

It is also noteworthy that the defendant has presented no argument to this court with respect to why, or in what regard, the trial court erred in accepting his admission to violation of his conditional discharge. In addition, the defendant has not specified how the trial court erred in the sentence it imposed upon the defendant. It is axiomatic that a defendant must show that he was prejudiced by the court's alleged error, and that the failure to demonstrate error and prejudice operates as a waiver of such claim. (*People v. Davis* (1991), 145 Ill. 2d 240, 250.) The defendant's failure to present any argument for error and prejudice constitutes a procedural waiver of any such claim on appeal. In addition, the defendant does not suggest what benefit would result, if any, if this court were to remand this matter to the trial court. As a result, we find no basis to reverse the trial court's judgment or to remand this matter for further proceedings.

We note that the appellate court in the present case sought to distinguish and limit *People v. Kruszyna* (1993), 245 Ill. App. 3d 977. That case pertained to whether the defendant had been deprived of procedural due process. The defendant in the instant cause does not argue that he was deprived of procedural due process. Therefore, we do not consider the wisdom of the court's decision in *Kruszyna*, nor do we consider other appellate court decisions that have addressed a procedural due

process issue (see, *e.g.*, *People v. Gazelle* (1994), 259 Ill. App. 3d 462, *rev'd on other grounds* (1995), 165 Ill. 2d 93).

Because defendant argues the applicability of Rule 605(b), and we determine that Rule 605(b) did not apply to the revocation of conditional discharge proceedings against defendant in the present cause, we conclude that the appellate court erred in reversing the trial court's judgment.

We reverse the appellate court's judgment and affirm the judgment and sentence imposed by the trial court.

*Appellate court reversed;*
*circuit court affirmed.*