*In re* R.C.K., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. R.C.K., Respondent-Appellant).

Second District   No. 2—95—1075

Opinion filed December 19, 1996.

G. Joseph Weller and Kim M. DeWitt, both of State Appellate Defender's Office, of Elgin, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (William L. Browers and Cynthia N. Schneider, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE DOYLE delivered the opinion of the court:

Respondent, R.C.K., was alleged to be a delinquent minor in a petition for adjudication of wardship that charged the offense of armed robbery (720 ILCS 5/18—2(a) (West 1994)). The case was retained in the juvenile court, and the minor entered an admission to the petition. On June 30, 1995, the court adjudicated the minor a ward of the court and committed him to the Department of Corrections, Juvenile Division. Subsequently, respondent's attorney filed a motion to reconsider sentence, which the court denied on August 17, 1995, following a hearing. On that same date, a notice of appeal was filed. On September 1, 1995, an amended notice of appeal was filed.

On June 26, 1996, respondent filed a motion to summarily reverse the judgment and to remand the cause for compliance with Illinois Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)) because of his counsel's failure to file a certificate stating that, prior to the hearing on respondent's motion to reconsider sentence, counsel had performed the functions to which he must certify. Rule 604(d) provides, in relevant part:

"No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw his plea of guilty and vacate the judgment. *** The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain his contentions of error in the sentence or the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." 145 Ill. 2d R. 604(d).

In *People v. Janes*, 158 Ill. 2d 27 (1994), the supreme court held that failure to comply strictly with each of the provisions of Rule 604(d) mandates a remand to the circuit court for the filing of a new motion to withdraw the guilty plea or to reconsider the sentence and a new hearing on the motion. 158 Ill. 2d at 33. Respondent contends that Rule 604(d) applies to juvenile cases as well as criminal cases and that, because counsel for respondent failed to file a certificate in compliance with Rule 604(d), the judgment must be summarily reversed and the cause remanded to the circuit court. The State maintains that the certification requirement of Rule 604(d) is not applicable to juvenile cases. We do not agree.

Supreme Court Rule 660(a) provides that appeals in juvenile de-

linquency cases shall be governed by the rules applicable to criminal cases. 134 Ill. 2d R. 660(a); *In re A. W.*, 185 Ill. App. 3d 473, 474 (1989). By the use of the term "rules," Rule 660(a) incorporates the other supreme court rules into delinquency appeals. See *In re W.C.*, 167 Ill. 2d 307, 324 (1995).

In particular, Rule 604(d) has been found to apply in delinquency appeals. In *In re F.D.*, 89 Ill. App. 3d 223 (1980), this court determined that Supreme Court Rule 604(d) is applicable to appeals by minors who have been adjudicated delinquent following an admission. 89 Ill. App. 3d at 228. More recently, our supreme court in *W.C.* cited Rule 604(d) as an example of a supreme court rule applicable to criminal cases that also governs delinquency appeals. *W.C.*, 167 Ill. 2d at 322. While both of the aforementioned cases in referring to the applicability of Rule 604(d) to delinquency appeals mention only that portion of the rule concerning the withdrawal of guilty pleas and while no authority for applying the certificate requirement of the rule to delinquency appeals has been found, we cannot accept the State's position that only part of Rule 604(d) applies to juvenile delinquency proceedings. As respondent points out, Supreme Court Rule 660(a), in incorporating the other supreme court rules into delinquency appeals, makes no provision for the bifurcation of the rules. See 134 Ill. 2d R. 660(a).

The State contends that the holding in *W.C.* casts doubt on the applicability of the requirements of Rule 604(d) in juvenile cases. The question in *W.C.* was whether a post-trial motion was required to preserve a claimed error in delinquency proceedings. The court held that a written post-trial motion was not required in delinquency proceedings because Supreme Court Rule 660(a) incorporates the other supreme court rules in delinquency appeals, but not statutes such as section 116—1 of the Code of Criminal Procedure of 1963 (725 ILCS 5/116—1 (West 1994)), requiring a written post-trial motion in criminal cases. The court commented, "While arguably a Rule 604(d) motion might be viewed as a 'post-trial' motion because it follows trial, we do not decide on these facts whether such a motion is required to take a delinquency appeal." *W.C.*, 167 Ill. 2d at 324. The court pointed out that respondent entered no admission such that the requirement of a Rule 604(d) motion "might come into play." Also, there was no challenge to respondent's sentence. Accordingly, based on the issue and the facts presented in *W.C.*, we are not persuaded to change the view we expressed in *F.D.* that Rule 604(d) applies to delinquency appeals.

We conclude that Supreme Court Rule 604(d), in its entirety, is applicable to delinquency appeals.

We, therefore, reverse the judgment of the circuit court of Lake County and remand the cause for compliance with Rule 604(d).

Reversed and remanded.

McLAREN, P.J., and BOWMAN, J., concur.