In re J.E.M.Y., Alleged to be a Delinquent Minor (The People of the State of Illinois, Petitioner-Appellee, v. J.E.M.Y., Respondent-Appellant).

Fourth District    No. 4—96—0301

Opinion filed June 30, 1997.

Daniel D. Yuhas and Lawrence Bapst, both of State Appellate Defender's Office, of Springfield, for appellant.

Charles G. Reynard, State's Attorney, of Bloomington (Norbert J. Goetten and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE COOK delivered the opinion of the court:
The trial court revoked the delinquent minor's probation and committed the minor to the Illinois Department of Corrections. The trial court subsequently denied the minor's motion to reconsider the

disposition. Upon appeal, the minor argues this court must remand the cause due to trial counsel's failure to strictly comply with Supreme Court Rule 604(d). 145 Ill. 2d R. 604(d). We affirm.

In April 1994, a petition for adjudication of wardship was filed, alleging that J.E.M.Y. (born July 21, 1978) was a delinquent minor in that he had committed the offense of theft. In May 1994, J.E.M.Y. admitted the allegations and was subsequently committed to the Department of Corrections (DOC). In August 1994, the trial court vacated J.E.M.Y.'s commitment and placed him on probation for 18 months.

In December 1995, the State filed a petition seeking to revoke J.E.M.Y.'s probation, alleging that J.E.M.Y. had violated the terms of probation (1) by leaving his court-ordered placement at his grandparents' house; and (2) by failing to meet with his probation officer on three occasions. In January 1996, J.E.M.Y. admitted the first allegation and, following a dispositional hearing, was again committed to DOC.

J.E.M.Y. filed a motion asking the court to reconsider the disposition. The motion was accompanied by a certificate from J.E.M.Y.'s attorney stating that he had met with J.E.M.Y., examined the court file, and reviewed the transcript of the "sentencing hearing" before drafting the motion. The certificate did not state that counsel had reviewed the transcript of the revocation hearing. J.E.M.Y.'s motion was subsequently denied.

Upon appeal, J.E.M.Y. argues that this court must remand the cause due to trial counsel's failure to strictly comply with Supreme Court Rule 604(d). 145 Ill. 2d R. 604(d). Rule 604(d) establishes written motion and certification requirements as a prerequisite to an appeal from a judgment entered on a *guilty plea* and is applicable to delinquency proceedings. *In re R.C.K.*, 285 Ill. App. 3d 310, 312, 674 N.E.2d 494, 495 (1996). Indeed, Rule 660(a) provides that "[a]ppeals from final judgments in delinquent minor proceedings, except as otherwise specifically provided, shall be governed by the rules applicable to criminal cases." 134 Ill. 2d R. 660(a).

In *People v. Tufte*, 165 Ill. 2d 66, 649 N.E.2d 374 (1995), the supreme court held that a defendant's admission to a violation of his conditional discharge was not the same as a guilty plea and thus did not require the trial court to admonish defendant, pursuant to Rule 605(b) (145 Ill. 2d R. 605(b)), of the necessity of filing either a motion to vacate guilty plea or a motion to reconsider sentence, before appealing the trial court's judgment. The court explained that the filing of a motion to reconsider sentence following the revocation of the defendant's conditional discharge is merely permissible and is not a

prerequisite to an appeal. *Tufte*, 165 Ill. 2d at 78, 649 N.E.2d at 380. "If the defendant does not file a motion to vacate or reconsider, but rather seeks an immediate appeal, the reviewing court may consider the defendant's argument on its merits." *Tufte*, 165 Ill. 2d at 78, 649 N.E.2d at 380. The revocation of a defendant's conditional discharge is substantially similar to the revocation of a defendant's probation. *Tufte*, 165 Ill. 2d at 75, 649 N.E.2d at 378. Indeed, they are governed by the same statutory requirements. *Tufte*, 165 Ill. 2d at 74, 649 N.E.2d at 378. We find the logic and analysis in *Tufte* to be equally applicable to probation revocation hearings.

Since the filing of a motion to reconsider sentence or disposition following a probation revocation hearing is unnecessary before taking an appeal, complying with the requirements of Rule 604(d) is likewise unnecessary. J.E.M.Y. has not argued that *Tufte* is inapplicable in juvenile proceedings, and there is no reason to find it inapplicable.

We note that J.E.M.Y. has not presented this court with an argument that the trial court erred or abused its discretion in fashioning his disposition. J.E.M.Y.'s failure to present such an argument constitutes a procedural waiver of any such claim. *Tufte*, 165 Ill. 2d at 79, 649 N.E.2d at 380. Since J.E.M.Y. also does not suggest any benefit would result from a remand, we find no basis for either reversal or remandment.

For the forgoing reasons, the judgment of the trial court is affirmed.

Affirmed.

McCULLOUGH and GREEN, JJ., concur.