THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. IVAN B. HARRIS, Defendant-Appellant.

Second District   No. 2—07—0695

Opinion filed June 18, 2009.

Thomas A. Lilien and R. Christopher White, both of State Appellate Defender's Office, of Elgin, for appellant.

Joseph E. Birkett, State's Attorney, of Wheaton (Robert J. Biderman and David E. Mannchen, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE ZENOFF delivered the opinion of the court:

Ivan B. Harris appeals the denial of his motion to withdraw his admission to violating his probation for his original conviction of burglary to a motor vehicle, a Class 2 felony (720 ILCS 5/19—1 (West 2004)). He contends that his admission was involuntary because his sentence did not include approval for impact incarceration, in violation of the parties' agreement that the sentence would be concurrent with a Will County sentence that included such approval. Because the trial court wrongly determined that withdrawal of the admission was not an available remedy and, as a result, never heard evidence on the merits of Harris's motion, we reverse and remand for further proceedings.

## I. BACKGROUND

On October 12, 2005, Harris pleaded guilty under a plea agreement and was sentenced to 24 months' probation. On December 5, 2006, the State filed a petition to revoke Harris's probation, alleging that on October 3, 2006, Harris committed offenses in Will County and that he failed to report to the probation department.

On March 28, 2007, Harris entered into an agreement to admit to the allegations in exchange for a sentence of seven years' incarceration "concurrent" with the sentence in the Will County case, with credit for 177 days. The Will County sentence included approval for placement in impact incarceration. However, the Du Page County

agreement as stated to the trial court was silent on whether it required approval for impact incarceration in order for the sentence in this case to be "concurrent" with the sentence in Will County.

Under Supreme Court Rule 402A(a) (210 Ill. 2d R. 402A(a)), the court admonished Harris that, by admitting the violations, he would give up his right to call witnesses at a hearing that would require the State to prove the violations by a preponderance of the evidence. The court also admonished Harris of the requirements of mandatory supervised release. However, the court never confirmed Harris's understanding of the petition, and it advised Harris that the sentencing range for the original Class 2 felony was 3 to 14 years, when at the plea hearing it stated the range as 3 to 7 years. See 730 ILCS 5/5—8—1(a)(5) (West 2004). The court did not inquire whether any coercion or promises apart from the agreement influenced the admission. 210 Ill. 2d R. 402A(b). The court also never heard a specific factual basis for the admission. 210 Ill. 2d R. 402A(c). The court imposed the seven-year term and told Harris that, should he want to appeal, he would be required to first file within 30 days a written motion to withdraw the admission.

On April 10, 2007, Harris wrote a letter to the trial court, stating that he had received impact incarceration in Will County and needed approval for impact incarceration in the current case in order for his sentence to be concurrent with his Will County sentence. On April 25, 2007, Harris wrote another letter to the trial court, stating that a box for impact incarceration on the sentencing form had not been checked and asking that the order be corrected. The record confirms that the sentencing form has a box for the judge to check when impact incarceration is approved.

On April 26, 2007, Harris filed a motion to withdraw his admission, pursuant to Supreme Court Rule 604(d) (210 Ill. 2d R. 604(d)), alleging that he did not knowingly, intelligently, and voluntarily waive his right to a hearing on the petition to revoke his probation and that he did not fully understand the trial court's admonitions. The State moved to strike the motion, alleging that Rule 604(d) was not applicable.

On June 6, 2007, a hearing was held on the motion to strike. Harris appeared with new counsel who told the court that they wished to present evidence that, based on the advice of his previous attorney, Harris believed that his sentence would include approval for impact incarceration. Harris's new counsel said that he would call Harris's previous attorney to testify. The trial court continued the matter to allow Harris to supplement his motion.

On July 9, 2007, another hearing was held, and Harris filed a supplemental motion, reasserting his previous contentions and adding

that his original counsel was ineffective for failing to inform him that the sentence would not include approval for impact incarceration. He included an affidavit stating that, from discussions with counsel, his understanding was that the sentence proposed under his agreement would include approval for impact incarceration.

The State argued that withdrawal of the admission was not the proper remedy and that Harris should file an appeal. Without hearing any evidence on the matter, the trial court responded that the issue of impact incarceration never arose and that "there was never a sentence, there was never a contemplation, there was never an error." The court said that it had read Harris's letter about checking the box on the form and said, "that was never, ever an issue, pretrial or sentencing." The court then found that the State's position was well taken, held that withdrawal of the admission was not the proper remedy, and denied Harris's motion. Harris appeals.

## II. ANALYSIS

Harris contends that he should be allowed to withdraw his admission because his counsel misinformed him that his sentence would include approval for impact incarceration. The State argues that, because Rule 604(d) is inapplicable, the trial court had no obligation to hear evidence on Harris's motion. In the alternative, it contends that Harris failed to show that he was entitled to withdraw his admission.

### A. Ability to Move to Withdraw the Admission

Although the trial court made statements about the merits of the motion to withdraw the admission, it ultimately concluded that withdrawal of the admission was not the proper remedy.[1] The State contends that the court was correct, arguing that Rule 604(d) is inapplicable and that Harris thus did not have the right to a hearing on his motion.

We review a legal question *de novo*. See *People v. Hall*, 198 Ill. 2d 173, 177 (2001). In the context of a negotiated guilty plea, a defendant must file a motion to withdraw the plea within 30 days in order to preserve the right to appeal. See 210 Ill. 2d R. 604(d). But Rule 604(d) "makes no express reference to an appeal from a conviction or sentence imposed after a defendant on probation has admitted the allegations of the petition to revoke the probation." *People v. Stevens*, 94 Ill. App. 3d 516, 518 (1981). Thus, a defendant who has admitted violating his or her probation is not required to move to withdraw the

---

[1]The court had advised defendant at the time of his admission that filing such a motion was a prerequisite to an appeal.

admission before appealing the order revoking the probation. See *Stevens*, 94 Ill. App. 3d at 518; see also *People v. Butcher*, 288 Ill. App. 3d 120, 122-23 (1997). However, that a defendant is not required to move to withdraw the admission does not mean that he or she may not seek to do so or that an appeal is the only available remedy. Instead, such a motion, while not a prerequisite to an appeal, is permissible. See *People v. Tufte*, 165 Ill. 2d 66, 78 (1995); see also *Butcher*, 288 Ill. App. 3d at 123 (observing that defendant could have moved to withdraw an admission to a probation violation in the trial court and put on evidence that he was misled by discussion about an agreement).

In *Tufte*, the supreme court held that a defendant's admission to a violation of his conditional discharge did not require admonishments about filing a motion to withdraw the admission or reconsider the sentence before appealing. The court stressed, however, that a defendant may file such a motion if he or she desires to do so, stating: "The *** concern for judicial efficiency is adequately safeguarded by *permitting*, but not *requiring*, a defendant to first file a motion to vacate or reconsider the sentence he has received because of revocation of his conditional discharge." (Emphases in original.) *Tufte*, 165 Ill. 2d at 78. The revocation of a defendant's conditional discharge is substantially similar to the revocation of a defendant's probation, and they are governed by the same statutory requirements. *In re J.E.M.Y.*, 289 Ill. App. 3d 389, 391 (1997). Thus, *Tufte* applies equally to probation revocation hearings. *In re J.E.M.Y.*, 289 Ill. App. 3d at 391.

■ Here, although Harris was not required to move to withdraw his admission in order to file an appeal alleging that the admission was involuntary, he was allowed to use the procedure if he desired to do so. Thus, the trial court erred when it determined that withdrawal of the admission was not an available remedy.

### B. Entitlement to Withdrawal of the Admission

Harris argues that the record shows that he is entitled to withdraw his admission because he was operating under a mistake of fact and his counsel was ineffective for failing to adequately inform him of the consequences of his admission or the nature of the agreement. The State responds that, even if Harris could seek to withdraw his admission, there is no merit to his claim, because he stated his understanding of the agreement and failed to show ineffective assistance of counsel.

There is little recent case law specific to admissions to probation violations. In general, however, the rules and requirements of probation revocation hearings are similar to those for guilty plea hearings.

See *People v. Ellis*, 375 Ill. App. 3d 1041, 1046 (2007); see also 210 Ill. 2d R. 402A (codifying the admonishments required for due process when there is an admission to a probation violation). Thus, in the absence of cases specific to the withdrawal of admissions to probation violations, we apply case law applicable to the withdrawal of guilty pleas when considering Harris's contention that his admission was involuntary.

■ A probationer is entitled to due process at a revocation hearing. *Gagnon v. Scarpelli*, 411 U.S. 778, 781-82, 36 L. Ed. 2d 656, 661-62, 93 S. Ct. 1756, 1759-60 (1973). Due process requires that an admission to violating probation be voluntary, but only the minimum requirements of due process must be followed in a probation revocation proceeding. See *People v. Goleash*, 311 Ill. App. 3d 949, 956 (2000); *In re V.T.*, 306 Ill. App. 3d 817, 819 (1999). Rule 402A provides admonitions to be given before a court can accept an admission to a violation. 210 Ill. 2d R. 402A. "[T]he goal of the Rule 402A admonitions is 'to ensure that [the] defendant understood his admission, the rights he was waiving, and the potential consequences of his admission.' " *Ellis*, 375 Ill. App. 3d at 1046, quoting *People v. Dennis*, 354 Ill. App. 3d 491, 496 (2004).

In the context of a motion to withdraw a guilty plea, "[t]he misapprehension of law or fact goes to the question of whether the plea was voluntarily and intelligently made." *People v. Rutledge*, 212 Ill. App. 3d 31, 34 (1991). " 'In the absence of substantial objective proof showing that a defendant's mistaken impressions were reasonably justified, subjective impressions alone are not sufficient grounds on which to vacate a guilty plea.' " *People v. Spriggle*, 358 Ill. App. 3d 447, 451 (2005), quoting *People v. Artale*, 244 Ill. App. 3d 469, 475 (1993). "The defendant bears the burden of proving that his or her mistaken impression was objectively reasonable under the circumstances existing at the time of the plea." (Emphasis omitted.) *Spriggle*, 358 Ill. App. 3d at 451.

A plea will also be rendered involuntary when the prosecution breaches its promise with respect to an executed plea agreement, causing the defendant to plead guilty on a false premise. *People v. Algee*, 228 Ill. App. 3d 401, 403 (1992). Further, "[a] plea of guilty is deemed voluntary only if it is given with the assistance of competent counsel." *Algee*, 228 Ill. App. 3d at 404.

"In reviewing a claim of ineffective assistance of counsel, we apply the familiar two-part test established in *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984)." *People v. Curry*, 178 Ill. 2d 509, 518 (1997). "To prevail under *Strickland*, a defendant must show that his attorney's assistance was both deficient and prejudicial. More precisely, a defendant must show that his attorney's

assistance was objectively unreasonable under prevailing professional norms, and that there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Curry*, 178 Ill. 2d at 518-19, quoting *Strickland*, 466 U.S. at 687, 694, 80 L. Ed. 2d at 693, 698, 104 S. Ct. at 2064, 2068. "A criminal defendant has the constitutional right to be *reasonably* informed with respect to the direct consequences of accepting or rejecting a plea offer." (Emphasis in original.) *Curry*, 178 Ill. 2d at 528. When the competency of counsel is specifically challenged in a postjudgment motion, the trial court must make an adequate inquiry into the matter. See *People v. Friend*, 341 Ill. App. 3d 139, 142 (2003).

We review the trial court's decision for an abuse of discretion. See *People v. Pullen*, 192 Ill. 2d 36, 40 (2000). "A trial court abuses its discretion when its ruling is arbitrary, fanciful, or unreasonable, or where no reasonable person would take the view adopted by the trial court." *People v. Stefanski*, 377 Ill. App. 3d 548, 550 (2007). Although both parties ask us to resolve the merits of Harris's motion, when no evidence was presented and we cannot say as a matter of record what the outcome would have been if evidence had been heard, a remand is appropriate. See *Butcher*, 288 Ill. App. 3d at 123.

■ Here, although the agreement provided for a "concurrent" sentence, it is uncertain whether the "concurrent" sentence would necessarily include approval for impact incarceration. It is possible that the State and Harris intended approval for impact incarceration to be included when they agreed that the sentence was to be "concurrent" with the Will County sentence that already included such approval. They also could have assumed that there was no need to clarify that point to the trial court. Another possibility is that Harris's counsel informed him that the agreement included approval for impact incarceration when it actually did not. It is equally possible, however, that impact incarceration was never considered at all, that the parties contemplated only the length of incarceration without regard for the type of incarceration, and that the consequences were accurately conveyed to Harris. Regardless, the actual facts cannot be gleaned from the record partly because, at the time of the admission, the trial court gave minimal admonishments that did not explore Harris's understanding of the agreement other than by confirming that it was as the State presented—a term of imprisonment "concurrent" with the imprisonment in Will County. Had further inquiry been made, as required by Supreme Court Rule 402A(b) (210 Ill. 2d R. 402A(b)), any misunderstanding might have been revealed. *Cf. People v. Robinson*, 157 Ill. App. 3d 622, 629 (1987) ("If a plea of guilty is to have any binding effect or is to be given any subsequent weight, the extensive

and exhaustive admonitions given by the circuit court *** and acknowledged by petitioner must be held to overwhelm petitioner's current assertion that he entered his plea involuntarily"). We are not suggesting a bright-line rule by which the specific terms of an agreement must be presented to the court. But here, the terms were neither sufficiently clear nor sufficiently determined by the court, making a hearing necessary to determine whether there is merit to Harris's motion.

When Harris did not receive a recommendation for impact incarceration, he specifically raised the matter in his motion to withdraw the admission. He then amended that motion to specifically include allegations of ineffective assistance of counsel. But, despite his indication that he would call his previous attorney to testify about the agreement, the court did not hear evidence about Harris's contentions. Instead, the court stated that impact incarceration was never specifically mentioned at the probation revocation hearing and then held that withdrawal of the admission was not an available remedy. The record reflects that the court never considered the meaning of the term "concurrent" in the agreement, never inquired into the allegations of ineffective assistance of counsel, and did not consider whether any mistake of fact made Harris's admission involuntary. Accordingly, the trial court abused its discretion when it denied Harris's motion without considering evidence and arguments on its merits.

The State argues that, even if approval for impact incarceration were given, there is no proof that Harris would actually receive it and his motion can be denied on that basis. However, the issue is whether Harris's admission was involuntary when he believed that approval for impact incarceration was included in the agreement—not whether he would actually receive impact incarceration if that approval were given. See generally *Curry*, 178 Ill. 2d at 534 (to show ineffective assistance in context of a plea agreement, a defendant need not prove that a court would actually accept a plea agreement). In any event, Harris was never given an opportunity to present evidence of the likelihood of his placement in impact incarceration, because the trial court never properly considered the merits of his motion.

## III. CONCLUSION

Because the trial court never properly considered the merits of Harris's motion, we reverse and remand for the trial court to hear evidence and determine whether any ineffective assistance of counsel or misapprehension of fact made Harris's admission involuntary so as to allow him to withdraw his admission. The judgment of the circuit

court of Du Page County is reversed and the cause remanded for further proceedings.

Reversed and remanded.

McLAREN and HUTCHINSON, JJ., concur.